

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| JASON G., | § | |
|           Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:25-3765-MGL |
| | § | |
| FRANK BISIGNANO, *Commissioner of the* | § | |
| *Social Security Administration*, | § | |
|           Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING DEFENDANT'S DECISION TO DENY BENEFITS,
AND REMANDING THE CASE FOR A NEW HEARING
CONSISTENT WITH THE REPORT**

This is a Social Security appeal in which Plaintiff Jason G. seeks judicial review of the final decision of Defendant Frank Bisignano, Commissioner of the Social Security, denying his claim for Supplemental Security Income under the Social Security Act.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the dcision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case be remanded for a new hearing consistent with the Report. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 13, 2026, but the Commissioner failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself . . . there is no clear error on the face of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life &Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the judgment of this Court the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for a new hearing consistent with the Report.

**IT IS SO ORDERED**.

Signed this 30h day of July, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

2